IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIMMY WALKER,

    Plaintiff,

v.                                 CASE NO. 4:18-cv-232-WS-GRJ

FLORIDA DEPT. OF CORR.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate confined at Charlotte Correctional Institution, initiated this case by filing more than 100 pages of copies of prison grievances, construed as a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is proceeding pursuant to an Amended Complaint, ECF No. 8 ("Complaint"), and has been granted leave to proceed as a pauper by separate order. The Amended Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides that the Court may dismiss a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the undersigned recommends

that the Complaint be dismissed for failure to state a claim upon which relief may be granted.

The named Defendants in this case are the Secretary of the Department of Corrections; Micha Neal and Colonel Hamlin, who are officials at either Santa Rosa CI or Jefferson CI; and Rafael Goldstein, identified as the Director of Psychological Services at Charlotte CI. Plaintiff alleges that in April 2016, Micha Neal told Plaintiff that the DOC, in violation of "government policy," uses "security ranking correctional officers illegally as job titles regional director, head warden, assistant warden." Plaintiff alleges that the DOC has "over 50 illegal administrative head supervisors," and he fears for his life because he is seeking to have them replaced. For relief, Plaintiff seeks an order from the Court requiring the DOC to explain why government policy is being violated in connection with the "50 illegal administrative head supervisors employed by" the DOC. Plaintiff also references past incidents where he was assaulted by prison staff, but he alleges no facts identifying when, where, and by whom such assaults occurred. Even liberally construed, his Complaint does not reflect that he is seeking relief in connection with a prison assault. *See* ECF No. 8.

In any section 1983 action, two essential elements must be present:

1. conduct by a person acting under color of state law; and

2. the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

In this case, Plaintiff's claim that DOC officials are violating a policy in connection with the qualifications of administrative or supervisory officials does not state a claim of a constitutional violation.  Plaintiff identifies no constitutional right that would be implicated by the DOC's determination of the qualifications for supervisory staff, and he identifies no constitutional right that has been violated as a result of any such decisions.  While Plaintiff references past assaults by prison officials, his Complaint falls far short of stating any claim for relief in that regard.  This case is therefore due to be dismissed for failure to state a claim upon which relief may be granted.  If Plaintiff wishes to pursue a lawsuit stemming from an assault, he must file a complaint that describes such an incident.  Because Plaintiff is currently confined at Charlotte CI, if an assault occurred there his

complaint would properly be filed in the Middle District of Florida.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 15th day of June 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**